**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley E. Nelson,<br><br>    Petitioner,<br><br>vs.<br><br>David Shinn, Director of the Arizona Department of Corrections; and Mark Brnovich, Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV-18-08125-PHX-DGC (DMF)<br><br>**ORDER** |

   Stanley Nelson is confined in Arizona state prison. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docs. 1, 13. Magistrate Judge Deborah Fine issued a report recommending that the petition be dismissed ("R&R"). Doc. 25. Nelson filed objections. Docs. 26, 27. For reasons stated below, the Court will accept the R&R and dismiss the petition.

**I. Background.**

   On December 10, 2012, Nelson pled guilty in state court to one count of trafficking in stolen property and two counts of sale of a dangerous drug. Doc. 20 at 9-15. He received concurrent sentences of 9.25 years in prison on the stolen property offense and 10 years on each of the two drug offenses. *Id.* at 17-21.

1

| | |
|---|---|
| 1 | Nelson waived his right to appeal by pleading guilty. Under state court Rule 32, Nelson had until March 11, 2013 – 90 days from the date of his sentencing – to file a notice of post-conviction relief. *See* Doc. 25 at 7; Ariz. R. Crim. P. 32.4(b)(3)(A). Nelson claims that upon returning to jail after his sentencing, he provided a notice of post-conviction relief to an unnamed detention officer to forward to the state court. Doc. 13 at 2-6. He never received a response. |

Nelson waived his right to appeal by pleading guilty. Under state court Rule 32, Nelson had until March 11, 2013 – 90 days from the date of his sentencing – to file a notice of post-conviction relief. *See* Doc. 25 at 7; Ariz. R. Crim. P. 32.4(b)(3)(A). Nelson claims that upon returning to jail after his sentencing, he provided a notice of post-conviction relief to an unnamed detention officer to forward to the state court. Doc. 13 at 2-6. He never received a response.

Nelson brought this federal habeas proceeding in June 2018, asserting ineffective assistance of counsel claims. Doc. 13. Judge Fine recommends that the petition be dismissed as untimely. Doc. 25.

**II.  R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.  The AEDPA's One-Year Limitation Period.**

Federal habeas proceedings are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. The AEDPA establishes a one-year limitation period for the filing of habeas petitions. 28 U.S.C. § 2244(d); *see Pliler v. Ford*, 542 U.S. 225, 230 (2004). The limitation period generally begins to run when the state conviction becomes final by the expiration or conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A).

Statutory tolling is available for the time during which a properly filed petition for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). Equitable tolling applies where the petitioner shows that "(1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*,

784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In addition, an equitable exception to the limitation period applies if the petitioner establishes a fundamental miscarriage of justice through a "credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *see Schlup v. Delo*, 513 U.S. 298, 327 (1995).

### IV. Judge Fine's R&R.

Judge Fine found Nelson's habeas petition untimely under the AEDPA's one-year limitation period because he filed the petition more than five years after his conviction became final in March 2013, and he has not established a basis for statutory or equitable tolling. Doc. 25 at 7-13. Noting that the state court has no record of the notice of post-conviction relief Plaintiff purportedly gave to an unnamed detention officer in December 2012 (*see* Doc. 20 at 32), Judge Fine concluded that, "[w]ithout a properly filed post-conviction proceeding, there is no statutory tolling of the limitations period under [the] AEDPA." Doc. 25 at 7-8. Judge Fine further concluded that equitable tolling does not apply because Nelson did not diligently follow up with the state court after providing the notice to the detention officer. *Id.* at 10-12 (citing *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001)); *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016)). Because Nelson does not argue, let alone meet, the "actual innocence" excuse for untimeliness of this habeas proceeding, Judge Fine recommends that the petition be dismissed as untimely. *Id.* at 12.

### V. Nelson's Objections.

Nelson does not object to Judge Fine's conclusions that statutory tolling does not apply and that there has been no showing of actual innocence. *See* Doc. 25 at 8, 12. Nelson instead contends that he is entitled to equitable tolling because his state court attorney did not send him a Rule 32 packet and otherwise failed to help him prepare and file a petition for post-conviction relief. Docs. 26 at 4, 27 at 3. But as Judge Fine explained, "a petitioner's *pro se* status [and] ignorance of the law . . . during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling." Doc. 25 at 10 (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006);

1  *Ballesteros v. Schriro*, CIV 06-675-PHX-EHC (MEA), 2007 WL 666927, at *5 (D. Ariz.
2  Feb. 26, 2007)).

3        Nelson further contends that he did his part by providing a notice of post-
4  conviction relief to the detention officer in December 2012, and waited more than five
5  years for a response from the state court. Doc. 26 at 3. But this only confirms that
6  Nelson was not "diligent in following up with the court after a 'reasonable period of
7  time.'" Doc. 25 at 11 (quoting *Huizar*, 273 F.3d at 1223). Indeed, he waited until
8  October 2018 – nearly four months after bringing this federal habeas action – before
9  filing anything with the state court about his purported earlier attempt to file for post-
10 conviction relief. *See id.*; Doc. 20 at 32.

11       Because Nelson has not shown that extraordinary circumstances made it
12 impossible for him to file a timely habeas petition, he is not entitled to equitable tolling.
13 *See Valencia Pineda v. Allison*, No. 1:19-cv-00260-DAD-EPG-HC, 2020 WL 756643, at
14 *6 (E.D. Cal. Feb. 14, 2020) (petitioner failed to act with reasonable diligence where he
15 waited four years to file a successive habeas petition after receiving no notice of the
16 dismissal of his initial petition); *Allard v. Montana*, No. CV 16-63-M-DLC-JCL, 2017
17 WL 7328928, at *5 (D. Mont. Dec. 12, 2017) ("Allard's case is distinguishable from
18 *Huizar* and *Fue* [because] . . . he waited nearly three years before inquiring of counsel as
19 to the status of his case."); *Bethell v. Madden*, No. 2:17-cv-07233-VAP-KES, 2017 WL
20 7310095, at *3 (C.D. Cal. Nov. 13, 2017) ("In [*Huizar* and *Fue*], . . . the prisoners made
21 some effort to follow-up to inquire about the status of their cases. Here, Petitioner makes
22 no showing that he 'diligently' pursued his habeas request . . . after experiencing a
23 twenty-eight month delay."); *Broxton v. Arnold*, No. 2:16-cv-1548 GEB KJN P, 2017
24 WL 1956221, at *5 (E.D. Cal. May 11, 2017) ("[P]etitioner's first contact with the
25 Superior Court was 33 months after he filed the petition. It is clear from the cases cited
26 above that a delay of this magnitude does not demonstrate diligence.") (citations
27 omitted); *see also Young v. Montgomery*, No. CV-17-08995-MWF (JDE), 2018 WL
28 4027010, at *5 (C.D. Cal. June 7, 2018) ("Petitioner ultimately filed his Petition without

knowing whether the state habeas petition had been denied, further suggesting that he could have timely filed a federal habeas petition without awaiting a decision from the superior court.").[1]

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 25) is **accepted**.

2. Nelson's petition for writ of habeas corpus (Doc. 13) is **dismissed**.

3. Nelson's motion of ineffective counsel (Doc. 26) and motion to subpoena his attorney (Doc. 27) are **denied**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Nelson has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

5. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 30th day of March, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Nelson seeks leave to subpoena records from his former attorney to obtain proof that she "instructed him to sign a plea of 10-years flat time" (Doc. 27 at 2), but does not explain how the records sought are relevant to any issue addressed in the R&R.